UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____
                                                  )
W&T OFFSHORE, INC.                                )
                                                  )
         *Plaintiff*,                              )
                                                  )  Civil Action No. 4:22-cv-3149
    v.                                            )
                                                  )
ALL ABOUT IT, INC.;                               )
SECURE CLOUD, LLC                                 )
                                                  )
         *Defendants*.                            )
_____                )
_

**TEMPORARY RESTRAINING ORDER**

After considering W&T Offshore, Inc.'s ("W&T") Emergency Application for Extension of Temporary Restraining Order and Temporary Injunction (the "Application"), the responses, if any, filed by Defendants, all documents on file with the Court, and hearing arguments of counsel, the Court finds that W&T has shown that:

1. W&T is entitled to seek temporary injunctive relief.

2. W&T has a reasonable probability of success on the merits of its Texas Uniform Trade Secrets Act ("TUTSA") claim that:

    - W&T has confidential and proprietary trade secrets — including seismic data, drilling plans and locations, and well and reserve information — that are valuable to W&T's ongoing success in the oil and natural gas industry and that provide benefits which flow to W&T by virtue of the fact that these Trade Secrets are kept proprietary to W&T and are not generally known to the public or others in the oil and natural gas industry;

    - W&T has taken reasonable efforts to maintain the secrecy of its trade secrets;

    - Defendants, who have a duty to maintain the secrecy of the trade secrets, are misappropriating W&T's trade secrets by withholding their effectual and orderly return to the disadvantage of W&T;

4

- Defendants' misappropriation of W&T's trade secrets threatens W&T with immediate and irreparable harm by potentially impairing W&T's ability to recover and secure its trade secret information, potentially resulting in the destruction of that information or the potential impairment of its ability to monitor its production and accurately prepare its results of operations in a timely fashion.

3. W&T has a reasonable probability of success on the merits of its breach of contract claims that:

    - Defendants contracted with W&T to provide information technology ("IT") services;

    - W&T has performed all of its contractual obligations;

    - Defendants have breached their contractual obligations by refusing (1) to provide a comprehensive list of all services they were providing to W&T, the hardware and software systems they control that were used to provide such services to W&T, and their position on the ownership of all such hardware and software and (2) to cooperate in the full transition of W&T's IT infrastructure to another IT provider or to W&T to handle internally before attempting to exit the relationship.

    - Defendants' breach of contract threatens W&T with imminent irreparable harm due to the potential impairment of its ability to monitor its production and accurately prepare its results of operations in a timely fashion.

4. W&T has a reasonable probability of success on the merits of its breach of fiduciary duty claim that:

    - W&T and Defendants are in a fiduciary relationship under the parties' contract;

    - Defendants have breached their fiduciary duties because they have refused (1) to provide a comprehensive list of all services they were providing to W&T, the hardware and software systems they control that were used to provide such services to W&T, and their position on the ownership of all such hardware and software and (2) to cooperate in the full transition of W&T's IT infrastructure to another IT provider or to W&T to handle internally before attempting to exit the relationship.

    - Their breaches of fiduciary duty threaten W&T with imminent irreparable harm due to the potential impairment of its ability to monitor its production and accurately prepare its results of operations in a timely fashion.

5. W&T has a reasonable probability of success on the merits of its conversion claim that:

- W&T owns and has the right to immediately possess its IT systems, including systems for using and storing W&T's emails and other electronic data ("Systems and Electronic Data");

- W&T's Systems and Electronic Data is W&T's personal property;

- W&T demanded that Defendants return its Systems and Electronic Data;

- Defendants' refusal to return W&T's Systems and Electronic Data interferes with W&T's use and enjoyment of its personal property;

- Defendants' conversion threatens W&T with imminent irreparable harm due to the potential impairment of its ability to monitor its production and accurately prepare its results of operations in a timely fashion.

6. W&T will suffer probable, imminent, and irreparable injury unless the Court enters a temporary restraining order and/or temporary injunction to compel Defendants (and their owners, employees, representatives, and agents):

    - to provide a comprehensive list of all services Defendants were providing to W&T, the hardware and software systems Defendants control that were used to provide such services to W&T, and Defendants' positions on the ownership of all such hardware and software; and

    - to comply with their contractual obligation to cooperate with W&T to provide the same historic services and to facilitate an orderly transition of all IT services to another IT provider or to W&T to handle internally.

7. Without a temporary restraining order, W&T's ability to perform its management and operational duties, to monitor its production, or to prepare its results of operation could be impaired. There is no way to quantify damages to W&T caused by failing to transition W&T's IT systems and electronic data to either another IT provider or to W&T, so there is no adequate remedy at law.

8. The threatened irreparable harm to W&T outweighs the minimal harm to Defendants of complying with their contractual obligations and the law.

9. The public interest is served by Defendants complying with their contractual obligations and the law as well as the continued production of hydrocarbons for energy.

10. For these reasons, W&T's emergency application for extension of the temporary restraining order is GRANTED. It is therefore ORDERED that:

    - The clerk of the Court shall issue a writ of injunction that All About IT, Inc. and Secure Cloud, LLC (and their owners, employees, representatives, and agents) are hereby commanded to:

- o Preserve all W&T data and any related software and files except with the prior written consent of W&T and refrain from using or disclosing W&T's trade secrets;

- o Provide physical access to leased spaces where W&T hardware, software, and operations are maintained at the data centers located at (a) 5150 Westway Park Blvd., Houston, Texas 77041 (the "Houston Data Center") and (b) 7301 Metropolis, Austin, TX 78744 (the "Austin Data Centers" and collectively with the Houston Data Center the ("Data Centers"), to facilitate physical access to all hardware owned or used by or for W&T or that contain W&T data and W&T's removal of any hardware that it owns from the Data Centers;

- o Provide administrative credentials to all hardware and software owned, leased, or licensed by or for W&T, including the VMWare Hypervisor and each of the applicable virtual machines;

- o Provide a thorough configuration of W&T's Cisco Call Manager, compilation of all W&T's Direct Inward Dialing (DID) phone numbers, and compilation of all W&T's Session Initiation Protocol (SIP) addresses;

- o Provide administrative credentials for Dish Network, Lumen, Palo Alto, and any other providers of communication services provided to W&T, including at W&T offshore platforms and W&T offices;

- o Work with W&T to transfer the accounts and/or contracts for all vendors, services providers, and technology providers/licensors providing services and/or technology to W&T, including the Internet aforementioned circuit providers, Microsoft, Citrix, and VMWare; and

- o Comply with its contractual obligation to cooperate with W&T to provide the same historic services and to facilitate an orderly transition of all IT services to another IT provider or to W&T to handle internally.

- This order will expire on _____ ____, 2022.

- The clerk to issue notice to defendants, AAIT and Secure Cloud, that the hearing on plaintiff's request for preliminary injunction is set for _____ ____, 2022, at _____ a.m./p.m.

11. Plaintiff to post bond in the amount of $_____.


**SO ORDERED.**

4

SIGNED on _____ ___, 2022, at ___ a.m./p.m.

                                                             **U.S. DISTRICT JUDGE**